IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Action No. 03-RB-0306 (BNB)

RICHARD CAMPFIELD, individually and d/b/a
ULTRA BOND LICENSING and d/b/a
ULTRA BOND WINDSHIELD REPAIR AND REPLACEMENT; and
ULTRA BOND, INC., a California corporation authorized to do business in Colorado,

     Plaintiffs,
v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation;
LYNX SERVICES, L.L.C., formerly known as
LYNX SERVICES FROM PPG, L.L.C., a Kansas limited liability company,

     Defendants.
_____

### ORDER RE: STATE FARM'S MOTION TO REVIEW TAXATION OF COSTS
_____

**Blackburn, J.**

     This matter is before me on **State Farm's Motion to Review Taxation of Costs** [#236], filed January 11, 2006. The plaintiff has filed a response, and State Farm has filed a reply. I grant the motion in part and deny it in part.

     Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). The type of costs that can be awarded is governed by 28 U.S.C. § 1920. Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case. **Mikel v. Kerr**, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974). "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation,

a task which is committed to the discretion of the trial court." *Id*. Costs also must be reasonable.

The taxation of costs under § 1920 is within the discretion of the court. ***See, e.g., Serna v. Manzano***, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980). However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. ***Cantrell v. Int'l Brotherhood of Elec. Workers***, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. *Id.* "(T)he denial of costs is in the nature of a penalty." ***Serna v. Manzano***, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." ***Klein v. Grynberg***, 44 F.3d 1497, 1507 (10th Cir. 1995); ***see also Aerotech, Inc. v. Estes***, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

On December 12, 2005, I entered an order [#227] granting the defendants' motion for summary judgment on the remaining claims of the plaintiffs. A trial was set to begin about six weeks after my order was filed. The Clerk of the Court awarded costs to State Farm in a Bill of Costs [#234], filed January 4, 2006. State Farm seeks an award of additional costs, arguing that the Clerk denied an award of costs for items that necessarily were obtained for use in this case. State Farm seeks additional costs in the five categories outlined below. I have thoroughly reviewed the record and the submissions of the parties concerning the issue of costs.

**1. Court reporters and transcripts.** State Farm seeks an award of costs associated with depositions taken in this case, but which were not used in State Farm's summary judgment motion. For the purposes of this case, I conclude that the

2

deposition transcript costs outlined on pages four and five of State Farm's motion reasonably and necessarily were obtained for use in this case, and that the amount sought, $3,697.89, is reasonable.  In addition, I conclude that State Farm has demonstrated that a transcript of the April 28, 2005, hearing in this case was necessarily obtained for use in this case.  On that basis, State Farm is entitled to an additional $253.00 in costs.  However, I conclude that State Farm has not demonstrated the necessity of the video tape deposition of plaintiff Richard Campfield, as opposed to a transcribed deposition.  On the current record, I conclude that the costs associated with this videotape deposition, $2,153, should not be allowed.  State Farm is entitled to an award of $3,950.89 for transcript costs, in addition to the $13,796.03 previously awarded by the Clerk.

**2. Printing.**  State Farm requests an award of additional cots for the copying of one set of joint trial exhibits, and one set of State Farm's disclosures.  Under the circumstances of this case, I conclude that copying one set of joint trial exhibits and one set of the documents State Farm produced to the plaintiffs was necessary for its defense of this case, and that the total cost sought by State Farm, $2,615.70, is reasonable, considering the volume of documents involved.  State Farm is entitled to an award of $2,615.70 for printing costs, in addition to the $207.15 previously awarded by the Clerk.

**3. Exemplification and Copying.**  State Farm seeks an award of an additional $21,358.75, the cost of copying all of the plaintiffs' licensee files, and $2,003.10 for creation of a computerized document management system and scanning of documents into that system.  I conclude that State Farm has not demonstrated that it was necessary to copy all of the plaintiffs' voluminous licensee files, or that the use of a

3

document management system was necessary to the defense of this case. State Farm also requests an award of an additional $2,137.50 for the preparation of a "graphical damages chart." *Motion*, p. 11. Although such a chart may well have been necessary in this case, I conclude that State Farm has not demonstrated that $2,137.50 is a reasonable cost for the preparation of such a chart. Therefore, these requests for an award of additional costs are denied.

    **4. Costs Incident to Taking Depositions.** State Farm seeks an award of an additional $11,680.70 for costs incident to taking depositions. These additional costs include: 1) the deposition attendance fees of plaintiffs' expert witnesses; and 2) deposition related travel expenses for State Farm's counsel. Though arguably necessary, I conclude that neither of these items can be the basis for an award of costs under § 1920. *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179-1180 (10th Cir. 2005) (fees for expert witnesses who do not appear in court, in excess of standard witness fees, and counsel's travel and accommodation expenses not recoverable as costs).

    **5. Other Costs.** State Farm seeks an award of an additional $4,644.26 for "postage, Federal Express/ UPS, and courier services." Though not specified in § 1920, the Tenth Circuit has held that postage properly may be awarded as costs. *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997). However, the use of services such as Federal Express and courier services easily can serve convenience over necessity, and thus may become unreasonable under the standard relevant here. On the current record, I conclude that State Farm has demonstrated that $50.02 in postage costs is reasonable, and necessarily was expended in this case. However, I conclude that State Farm has not demonstrated that the amounts it requests for

4

Federal Express, UPS, and courier services are reasonable. Similarly, long-distance and facsimile services also might be taxable as costs, but State Farm has not demonstrated that the amount it requests for these costs here is reasonable. Finally, charges for computerized legal research are not recoverable as costs. *Sorbo*, 432 F.3d 1179-1180; *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995).

**THEREFORE IT IS ORDERED** as follows:

1. That **State Farm's Motion to Review Taxation of Costs** [#236], filed January 11, 2006, **IS GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** as to State Farm's request for an award of costs, in addition to those previously awarded by the Clerk, in the amount of $3,950.89 for transcript costs, $2,615.70 for printing costs, and $50.02 for postage;

3. That in all other respects, the motion is **DENIED**;

4. That State Farm is **AWARDED** $6,616.61 in costs, which shall be in addition to the $14,738.18 already awarded by the Clerk of the Court; and

5. That this award of $6,616.61 in additional costs **SHALL BE ADDED** to the judgment in this case.

Dated September 11, 2006, at Denver, Colorado.

        **BY THE COURT:**

        s/ Robert E. Blackburn
        **Robert E. Blackburn**
        **United States District Judge**