**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 03-cv-00306 REB-BNB

RICHARD CAMPFIELD, individually and d/b/a
ULTRA BOND LICENSING and d/b/a
ULTRA BOND WINDSHIELD REPAIR AND REPLACEMENT; and
ULTRA BOND, INC., a California corporation authorized to do business in Colorado,

     Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation;
LYNX SERVICES, L.L.C., formerly known as
LYNX SERVICES FROM PPG, L.L.C., a Kansas limited liability company,

     Defendants.

_____

**AMENDED ORDER RE: LYNX MOTION TO REVIEW TAXATION OF COSTS**
_____

**Blackburn, J.**

This matter is before me on **Defendant LYNX Services, L.L.C.'s Motion to Review Clerk's Taxation of Costs** [#237], filed January 11, 2006. The plaintiff has filed a response, and LYNX has filed a reply. I grant the motion in part and deny it in part.

I am issuing this amended order to correct errors in my original order [#249] addressing this motion. The original order [#249] contained errata on page seven (7) that should not have been included in the order, had two paragraphs numbered as number three (3), and contained an erroneous reference to defendant State Farm Insurance in the paragraph concerning telephone, facsimile, and other costs. This amended order corrects those errors, but otherwise is the same as the original order [#249].

Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." F̲ED̲. R. C̲IV̲. P. 54(d)(1). The type of costs that can be awarded is governed by 28 U.S.C. § 1920. Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case. **Mikel v. Kerr**, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974). "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." **Id**. Costs also must be reasonable.

The taxation of costs under § 1920 is within the discretion of the court. **See, e.g., Serna v. Manzano**, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980). However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. **Cantrell v. Int'l Brotherhood of Elec. Workers**, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. **Id.** "(T)he denial of costs is in the nature of a penalty." **Serna v. Manzano**, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." **Klein v. Grynberg**, 44 F.3d 1497, 1507 (10th Cir. 1995); **see also Aerotech, Inc. v. Estes**, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

On December 12, 2005, I entered an order [#227] granting the defendants' motion for summary judgment on the remaining claims of the plaintiffs. A trial was set to begin about six weeks after my order was filed. The Clerk of the Court awarded costs to LYNX in a Bill of Costs [#235], filed January 4, 2006. LYNX seeks an award of

additional costs, arguing that the Clerk denied an award of costs for items that necessarily were obtained for use in this case. LYNX seeks additional costs in the seven categories outlined below. I have thoroughly reviewed the record and the submissions of the parties concerning the issue of costs.

    **1. Fees of the Clerk.** LYNX's out of state counsel paid fees to the Clerk of the Court to be admitted to practice before this court. This is a "fee of the clerk," as specified in § 1920(1), and such fees were necessary for LYNX's chosen counsel to represent LYNX in this case. Therefore, I conclude that these fees are taxable as costs, and that LYNX is entitled to an award of additional costs in the amount of $440.00.

    **2. Court reporters and transcripts.** LYNX seeks an award of costs associated with depositions taken in this case, but which were not used in LYNX's summary judgment motion. For the purposes of this case, I conclude that the deposition transcript costs outlined on pages five and six of LYNX's motion reasonably and necessarily were obtained for use in this case, and that the amount sought, $2,574.36, is reasonable. LYNX is entitled to an award of $2,574.36 for transcript costs, in addition to the $9,859.51 previously awarded by the Clerk.

    **3. Printing.** LYNX requests an award of additional cots for the copying of two sets of joint trial exhibits, and two sets of LYNX's disclosures. Under the circumstances of this case, I conclude that copying two sets of joint trial exhibits, and one set of the documents LYNX produced to the plaintiffs was necessary for its defense of this case. LYNX has not demonstrated that the cost for copying a second set of its pretrial disclosures was necessary and thus properly recoverable as costs. Two sets of trial exhibits cost LYNX $578.23, at 12 cents per page except for color copies, and one set

of disclosures cost LYNX 2,006.80, at 20 cents per page. *LYNX's Proposed Bill of Costs* [#230], filed December 23, 2005, Tab 3, pp. 2-3. Under the circumstances, I find that 20 cents per page for standard, high-volume copying is not reasonable. Absent some kind of specialized copying, which has not been shown here, 15 cents per page is reasonable.

Thus, I conclude that the cost of reproducing trial exhibits, $578.23, was necessary and reasonable. I further conclude that copying LYNX's pretrial disclosures was necessary, and that the reasonable cost for these copies is $1,505.00. LYNX is entitled to an award of $2,083.23 for printing costs, in addition to the $96.00 previously awarded by the Clerk.

**4. Exemplification and Copying.** LYNX seeks an award of an additional $3,820.00, the cost of developing and preparing graphical damages exhibits to be used at trial. Although such exhibits may well have been necessary in this case, I conclude that LYNX has not demonstrated that $3,820.00 is a reasonable cost for the preparation of such exhibits. LYNX also seeks to recover the cost of copying all of the plaintiffs' licensee files. I conclude that LYNX has not demonstrated that it was necessary to copy all of the plaintiffs' voluminous licensee files. The rejection of less costly alternatives has not been explained adequately in the record. Therefore, these requests for an award of additional costs are denied.

**5. Telephone, Facsimile, Postage, Etc.** LYNX seeks an award of an additional $4,338.37 for telephone, facsimile, postage, Federal Express, and long distance courier expenses. Though postage is not specified in § 1920, the Tenth Circuit has held that postage properly may be awarded as costs. **Sussman v. Patterson**, 108 F.3d 1206, 1213 (10th Cir. 1997). However, the use of services such

as Federal Express and courier services easily can serve convenience over necessity, and thus may become unreasonable under the standard relevant here. On the current record, I conclude that LYNX has demonstrated that $226.61 in postage costs is reasonable, and necessarily was expended in this case. However, I conclude that LYNX has not demonstrated that the amounts it requests for Federal Express, UPS, and courier services are reasonable. Similarly, long-distance and facsimile services also might be taxable as costs, but LYNX has not demonstrated that the amount it requests for these costs here is reasonable.

      **6. Electronic Legal Research.** LYNX seeks an award $32,113.87 is additional costs for electronic legal research. Charges for computerized legal research are not recoverable as costs. ***Sorbo***, 432 F.3d 1179-1180; ***Jones v. Unisys Corp.***, 54 F.3d 624, 633 (10th Cir. 1995).

      **7. Attorney Travel Costs.** LYNX seeks an award of $38,797.29 for travel costs incurred by its attorneys. Though arguably necessary, I conclude that attorney travel expenses cannot be the basis for an award of costs under § 1920. ***Sorbo v. United Parcel Service***, 432 F.3d 1169, 1179-1180 (10th Cir. 2005) (counsel's travel and accommodation expenses not recoverable as costs).

      **THEREFORE IT IS ORDERED** as follows:

      1. That my order [#249], filed September 11, 2006, is **WITHDRAWN**;

      2. That **Defendant LYNX Services, L.L.C.'s Motion to Review Clerk's Taxation of Costs** [#237], filed January 11, 2006, **IS GRANTED IN PART** and **DENIED IN PART**;

      3. That the motion is **GRANTED** as to LYNX's request for an award of costs, in addition to those previously awarded by the Clerk, in the amount of $440.00 for fees of

the Clerk, $2,574.36 for transcript costs, $2,083.23 for printing costs, and $226.61 for postage;

    4. That in all other respects, the motion is **DENIED**;

    5. That LYNX is **AWARDED** $5,324.20 in costs, which shall be in addition to the $10,227.91 already awarded by the Clerk of the Court;

    6. That this award of $5,324.20 in additional costs **SHALL BE ADDED** to the judgment in this case; and

    7. That this amended order supplants and supersedes my order [#249] entered September 11, 2006.

    Dated September 11, 2006, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**