**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 03-cv-00306-REB-BNB

RICHARD CAMPFIELD, individually and d/b/a
ULTRA BOND LICENSING and d/b/a
ULTRA BOND WINDSHIELD REPAIR AND REPLACEMENT; and
ULTRA BOND, INC., a California corporation authorized to do business in Colorado,

    Plaintiffs,
v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation;
LYNX SERVICES, L.L.C., formerly known as
LYNX SERVICES FROM PPG, L.L.C., a Kansas limited liability company,

    Defendants.

_____

**ORDER DENYING LYNX'S MOTION FOR ATTORNEY FEES**
_____

**Blackburn, J.**

This matter is before me on **Defendant Lynx Services, L.L.C.'s Motion and Supporting Brief for Attorneys' Fees** [#254], filed September 22, 2006. The plaintiffs filed a response [#258], and Lynx filed a reply [#269]. I deny the motion.

One of the plaintiffs' claims against Lynx was a claim under the Colorado Consumer Protection Act (CCPA), §§6-1-101 to 6-1-115, C.R.S. On December 12, 2005, I granted Lynx's motion for summary judgment on the plaintiffs' CCPA claim. I concluded that the plaintiffs had not submitted any evidence to demonstrate the number of consumers impacted by the practice they challenged in their CCPA claim, and that the plaintiffs had not submitted evidence that Lynx had committed a knowing and intentional concealment or misrepresentation. *Order Concerning Defendants' Motion*

1

*for Summary Judgment* [#227], filed December 12, 2005, pp. 10, 13.  Absent such evidence, I concluded, the plaintiffs could not establish each element of their CCPA claim.

Section 6-1-113(3), C.R.S., which is a part of the CCPA, provides:

> Any person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorneys' fees as determined by the court.

Lynx asks that I award it its attorney fees under this statute.  Having considered Lynx's motion, the response, and the reply, as well as the record in this case as it concerns the plaintiffs' CCPA claim, I find and conclude that the record does not demonstrate that the plaintiffs' CCPA claim was brought in bad faith or for the purpose of harassment.

As Lynx notes, the Colorado Court of Appeals has said that a

> claim or defense is groundless if the allegations of the complaint, although sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence.  A claim is "groundless" if the proponent has a valid legal theory, but can offer little or no evidence to support the claim.

**Wheeler v. T.L. Roofing, Inc.**,  74 P.3d 499, 505 (Colo. App. 2003) (citations omitted). By Lynx's definition, a groundless claim is any claim on which summary judgment properly is granted.

Although the battle over the plaintiffs' CCPA claim was hard-fought, and the evidence ultimately proved to be inadequate to support the plaintiffs' CCPA claim, those facts alone do not demonstrate bad faith or a purpose to harass.  There is little else in the record that demonstrates bad faith or a purpose to harass on the plaintiffs' part. While the plaintiffs' evidence in this case ultimately proved to be inadequate, I cannot find that the plaintiffs' evidence and argument were so feckless or irrational that the

plaintiffs' continued pursuit of their CCPA claim must have been motivated by bad faith or a purpose to harass.  Therefore, I find and conclude that the plaintiffs' pursuit of their CCPA was not undertaken in bad faith or with a purpose to harass.  Absent evidence that the CCPA claim was pursued in bad faith or with a purpose to harass, Lynx is not entitled to an award of attorney fees under § 6-1-113(3), C.R.S.

**THEREFORE, IT IS ORDERED** that **Defendant Lynx Services, L.L.C.'s Motion and Supporting Brief for Attorneys' Fees** [#254], filed September 22, 2006, is **DENIED**.

Dated September 12, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**